DA 10-0364

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 29N

GARY SWENSON, JR.,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Richland, Cause No. DV 09-107
Honorable Katherine M. Irigoin, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Gary Swenson, Jr. (self-represented litigant), Glendive, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

          Mike Weber, Richland County Attorney, Sidney, Montana

                    Submitted on Briefs:  January 26, 2011

                                  Decided:  February 23, 2011

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Gary Swenson, Jr. appeals the District Court's order denying his petition for postconviction relief. We affirm.

¶3 Swenson contends that he is entitled to a new trial because his attorneys at trial and on direct appeal were ineffective. *See State v. Swenson*, 2008 MT 308, 346 Mont. 34, 194 P.3d 625. Swenson contends that his trial attorney was ineffective for conducting inadequate examination of jurors during voir dire; for not moving to exclude the testimony of a witness who had faulty memory; and for not moving to exclude testimony by a probation officer. He further contends that his attorney on direct appeal was ineffective for failing to thoroughly raise issues concerning admission of evidence of prior acts. Last, Swenson argues that the District Court erred in refusing to appoint counsel to represent him and in not holding an evidentiary hearing.

¶4 Based upon Swenson's petition, his memorandum in support and the response from the State, it is evident that he did not sufficiently demonstrate that he was entitled to postconviction relief. *Herman v. State*, 2006 MT 7, ¶ 15, 330 Mont. 267, 127 P.3d 422. A district court may decide a petition for postconviction relief based upon the materials

submitted in support of and in opposition to it. Section 46-21-201, MCA; *Herman*, ¶ 15. The District Court did not commit an abuse of discretion. *State v. Evert,* 2007 MT 30, ¶ 12, 336 Mont. 36, 152 P.3d 713.

¶5	We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues are clearly controlled by settled Montana law.

¶6	It is manifest on the face of the briefs and the record that there was not an abuse of discretion. We find no reason in fact or law to disturb the District Court's order.

¶7	Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE